```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


RODNEY ROEBUCK                                         PLAINTIFF


VS.                               CIVIL ACTION NO. 3:10CV331TSL-MTP


DIAMOND DETECTIVE AGENCY, AND
THE PRESIDENT OF THE HINDS COUNTY
BOARD OF SUPERVISORS, ET AL.                          DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Diamond Detective Agency to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and the motion of defendant Peggy Hobson-Calhoun, President of the Hinds County Board of Supervisors (Board of Supervisors),[1] for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Rodney Roebuck, who is proceeding pro se, has responded to the motion of Diamond Detective Agency. However, he has not responded to the Board of Supervisors' summary judgment motion, and the time for doing so has now passed.

---

[1] In his complaint, plaintiff identified Peggy Hobson-Calhoun as president of the Hinds County Board of Supervisors, but did not indicate whether she was named only in her official capacity, or also in her individual capacity. For purposes of this motion, the court will assume he intended to name her in both capacities. As defendants point out, George Smith, not Hobson-Calhoun, is the current Board of Supervisors president; and he was preceded in that office by Robert Graham. Thus, the correct defendant for plaintiff's official capacity claim would be Smith, not Hobson-Calhoun.

Plaintiff filed his complaint in this cause alleging as follows:  That on June 13, 2006, his former employer, Diamond Detective Agency (Diamond) persuaded him, "using strong-arm tactics (involuntary servitude)," to travel to New Orleans to retrieve and restore two firearms belonging to Diamond.  Plaintiff made clear that for this work, he expected to be paid at his former hourly rate with mileage, totaling $2,952.  After he returned with the firearms, Diamond failed to pay him, which resulted in plaintiff's suing Diamond in the Hinds County Justice Court.  On June 20, 2007, plaintiff, who had retained possession of the firearms, deposited the firearms with the justice court until the dispute was resolved; the justice court, in turn, ordered the Hinds County Sheriff's Department to take custody of the firearms until the court could rule.  Plaintiff alleges:

> On July 25, 2007, under the color of Authority and without Due Process, the Defendants carried out a conspiracy to breach the oral and written order by a Mississippi Justice Court Judge to return to Plaintiff's custody, rather than [Diamond], two firearms valued at $2,952.00.  The Judge Ruled in the presence of the Defendants at 3:40 p.m. and at 3:50 p.m. the Defendants met and breached that order in clear violation of Plaintiff's Civil Rights.

Diamond asserts in its motion that plaintiff's complaint must be dismissed since the requisites for diversity jurisdiction under 28 U.S.C. § 1332 are lacking.  While there is no dispute that the requirements for diversity are not satisfied, plaintiff's complaint in this cause does not base jurisdiction on diversity of

citizenship under § 1332 but rather on federal question jurisdiction under 28 U.S.C. § 1331.  Specifically, the complaint purports to assert causes of action pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 against both Diamond and Peggy Hobson-Calhoun, the (former) president of the Hinds County Board of Supervisors. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is not well taken.

Defendants Hobson-Calhoun, in her individual and official capacities as (former) president of the Hinds County Board of Supervisors, has moved for summary judgment on all plaintiff's putative federal causes of action.  For the reasons that follow, the court concludes this motion is well taken.

Section 1981 protects only against discrimination by private actors based on race.  See 42 U.S.C. § 1981 (providing that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.").  Since plaintiff's complaint in this cause does not allege, or suggest that he intended to allege race-based discrimination or interference with contractual rights based on race, then he has failed to state a claim against any defendant under § 1981, including Diamond.  This claim will be dismissed.

Section 1983 does not create substantive rights, but rather is simply a procedural vehicle that provides a remedy for

3

violation of existing federal rights.  See Harrington v. Harris, 118 F.3d 359, 365 (5th Cir. 1997).  Therefore, "an underlying constitutional or statutory violation is a predicate to liability under § 1983."  Id.  In his complaint, plaintiff appears to be asserting a claim for violation of his right to due process and/or conspiracy to deprive him of his right to due process.  To the extent plaintiff may be attempting to assert such claim against Hobson-Calhoun in her individual capacity, his claim fails as he has neither alleged nor attempted to show that Hobson-Calhoun had any personal involvement in any of the decisions related to the retention or release of the revolvers in question.  See Bradley ex rel. Wrongful Death Beneficiaries of Bradley v. City of Jackson, Civil Action No. 3:08CV261-TSL-JCS, 2008 WL 2381517, 2 (S.D. Miss. June 5, 2008) (no liability under § 1983 in individual capacity absent personal involvement in events leading to alleged deprivation).

To the extent he has asserted an official-capacity claim against the president of the Board of Supervisors, plaintiff's claim is the equivalent of a suit against the County.  See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.").  Hinds County is not liable under 42 U.S.C. § 1983 for acts which allegedly violated plaintiff's

4

constitutional rights unless the harmful act resulted from a policy, custom or practice which evinces objective deliberate indifference to the plaintiff's constitutional rights. See Grabowski v. Jackson County Public Defender's Office, 79 F.3d 478, 479 (5th Cir. 1996) (en banc) (citing Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996) (en banc)). Plaintiff has neither alleged, nor undertaken to establish the existence of any policy, custom or practice which caused the alleged deprivation. For this reason, his § 1983 claim against the County fails.

Plaintiff has no viable conspiracy claim against either defendant under § 1985(3). That statute reaches only conspiracies to deprive one of civil rights only when the object of the conspiracy is the deprivation of equality; it does not cover conspiracies to deny due process. See 42 U.S.C. § 1985(3); Lewis v. Brautigam, 227 F.2d 124, 128 (5th Cir. 1955). Accordingly, the court concludes that the summary judgment motion of the County and Hobson-Calhoun will be granted and all claims against these defendants dismissed.

The court further concludes that plaintiff has failed to state a cognizable claim against Diamond for violation of his due process rights, or for conspiracy to violate his due process rights.[2] "Because the Fourteenth Amendment protects liberty and

---

[2] See Shawnee Int'l v. Hondo Drilling Co., 742 F.2d 234, 236 (5th Cir. 1984) (holding that a district court may sua sponte dismiss for failure to state a claim).

5

property interests only against invasion by a state, a section 1983 plaintiff, alleging the deprivation of Due Process under the Fourteenth Amendment, must ... show that state action caused his injury.  In such cases, the 'under color of law' and state action inquiries merge into one." Priester v. Lowndes Cty., 354 F.3d 414, 421 (5th Cir. 2004) (quoting Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999)).  As Diamond is a private entity, not a state actor, it cannot have violated plaintiff's due process rights.

To state a claim against Diamond for a § 1983 conspiracy to violate his due process rights, plaintiff must allege facts showing Diamond was acting under color of state law. See Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999).  Since Diamond is not a state actor, then in the absence of an allegation that Diamond engaged in a conspiracy with a state actor to violate his constitutional rights, no cognizable conspiracy claim is stated. See Tebo v. Tebo, 550 F.3d 492 (5th Cir. 2008) (plaintiff must allege that private and public actor entered into agreement to commit an illegal act and that his constitutional rights were violated).  This means that to succeed against Diamond on his claim of a § 1983 conspiracy, plaintiff must show allege and prove that the County acted "under color" of state law, failing which there is no state action and no cognizable claim for conspiracy to violate his due process rights.  See Darr v. Town of Telluride,

6

Colo., 495 F.3d 1243, 1256 (10th Cir. 2007) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (stating that "it is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical")).  Here, as plaintiff has not pled the existence of a policy, custom or practice which caused the alleged violation of his due process rights, he has not alleged state action; and as a result, his conspiracy claim against Diamond fails as a matter of law.  See Darr, 495 F.3d at 1256 (finding no state action where acts did not represent official policy of municipality).

Based on the foregoing, it is ordered that the motion of Diamond Detectives to dismiss for lack of subject matter jurisdiction is denied; that the motion of the County defendants for summary judgment is granted; and that the claims against Diamond Detective are dismissed for failure to state a claim.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 6th day of October, 2011.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE